PER CURIAM.
The Civil Procedure Rules Committee of The Florida Bar has submitted its quadrennial report of proposed changes to the Florida Rules of Civil Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to the Board of Governors of The Florida Bar for its recommendation, and the Board approved the changes. The proposed changes were published for comment, and one was filed. We approve the substantive amendments to the rules recommended by the Committee and the Board. We have made a limited number of stylistic changes.
Rule 1.061 is amended to add clarifying language to subdivisions (a) and (b); to add a time requirement in subdivision (g); and to add retention of jurisdiction provisions in subdivision (h).
Rule 1.280(b)(4) is amended to add a court commentary clarifying that subdivision (b)(4)(A)(iii) is not intended “to place a blanket bar on discovery from parties about information they have in their possession about an expert, including the party’s financial relationship with the expert.” See Allstate Insurance Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999).
Rule 1.442 is amended to add subdivision (f)(2) to the rule, limiting the time for acceptance of proposals for settlement in class action suits to 30 days after the date the order granting or denying certification is filed. Subdivision (g) is amended to conform with the Committee’s proposed new rule 1.525 regarding motions for attorneys’ fees. Subdivision (b) is renamed to reflect more specifically its content.
Rule 1.525 is adopted, establishing the time for serving motions for attorneys’ fees and costs. We add a court commentary clarifying that this rule only establishes time requirements for serving such motions, and in no way affects or overrules the pleading requirements outlined by this *1099 Court in Stockman v. Doums, 573 So.2d 835 (Fla.1991).
Rule 1.560 is amended to add subdivisions (b)-(e), which is patterned after Florida Small Claims Rule 7.221(a). We further adopt form 1.977, which is patterned after Florida Small Claims Form 7.343.
Rule 1.650(d)(3) is amended to implement the Court’s holding in Musculoskele-tal Institute Chartered v. Parham, 745 So.2d 946 (Fla.1999), that the tolling provisions of section 766.104(2) and section 766.106(4), Florida Statutes (1989), and Florida Rule of Civil Procedure 1.650(a), applicable to the statute of limitations, are equally applicable to the statute of repose in section 95.11(4)(b), Florida Statutes (1989).
Judgment forms 1.988, 1.990, 1.991, 1.993, 1.994, 1.995, and 1.996 are amended to include the names and addresses of parties, and judgment debtors’ social security numbers, if known, to comply with sections 55.01(2) and 55.10(1), Florida Statutes (1999).[1]
After reviewing the proposed rules and comments thereto, we adopt the rules as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. Committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. The rules shall become effective on January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 1.061. CHOICE OF FORUM
(a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.
(b) Stipulations in General. The parties to any action for which a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida may stipulate to conditions upon which a forum-non-conveniens dismissal shall be based, subject to approval by the trial court. The decision to accept or reject the stipulation rests in the sound discretion of the trial court, subject to review for abuse of discretion.
A forum-non-conveniens dismissal shall not be granted unless all defendants agree to the stipulations required by subdivision (c) and any additional stipulations required by the court.
(c) Statutes of Limitation. In moving for forum-non-conveniens dismissal, defendants shall be deemed to automatically stipulate that the action will be treated in *1100 the new forum as though it had been filed in that forum on the date it was filed in Florida, with service of process accepted as of that date.
(d) Failure to Refile Promptly. When an action is dismissed in Florida for forum non conveniens, plaintiffs shall automatically be deemed to stipulate that they will lose the benefit of all stipulations made by the defendant, including the stipulation provided in subdivision (c) of this rule, if plaintiffs fail to file the action in the new forum within 120 days after the date the Florida dismissal becomes final.
(e) Waiver of Automatic Stipulations. Upon unanimous agreement, the parties may waive the conditions provided in subdivisions (c) or (d), or both, only when they demonstrate and the trial court finds a compelling reason for the waiver. The decision to accept or reject the waiver shall not be disturbed on review if supported by competent, substantial evidence.
(f) Reduction to Writing. The parties shall reduce their stipulation to a writing signed by them, which shall include all stipulations provided by this rule and which shall be deemed incorporated by reference in any subsequent order of dismissal.
(g) Time for Moving for Dismissal. A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party.
(h) Retention of Jurisdiction. The court shall retain jurisdiction after the dismissal to enforce its order of dismissal and any conditions and stipulations in the order.
Court Commentary
This section was added to elaborate on Florida’s adoption of the federal doctrine of forum non conveniens in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), and it should be interpreted in light of that opinion.
Subdivision (a) codifies the federal standard for reviewing motions filed under the forum-non-eonveniens doctrine. Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse-of-discretion standard.
As stated in Kinney, the phrase “private interests” means adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation. Private interests do not involve consideration of the availability or unavailability of advantageous legal theories, a history of generous or stingy damage awards, or procedural nuances that may affect outcomes but that do not effectively deprive the plaintiff of any remedy.
“Equipoise” means that the advantages and disadvantages of the alternative forum will not significantly undermine or favor the “private interests” of any particular party, as compared with the forum in which suit was filed.
“Public interests” are the ability of courts to protect their dockets from causes that lack significant connection to the jurisdiction; the ability of courts to encourage trial of controversies in the localities in which they arise; and the ability of courts to consider their familiarity with governing law when deciding whether to retain jurisdiction over a case. Even when the private conveniences of the litigants are nearly in balance, a trial court has discretion to grant a forum-non-conveniens dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, or that foreign law will predominate if jurisdiction is retained.
Subdivision (b) provides that the parties can stipulate to conditions of a forum-non-conveniens dismissal, subject to the trial court’s approval. The trial court’s acceptance or rejection of the stipulation is subject to appellate review under an abuse-of-discretion standard.
*1101 Subdivisions (c) and (d) provide automatic conditions that shall be deemed included in every forum-non-conveniens dismissal. The purpose underlying subdivision (c) is to ensure that any statute of limitation in the new forum is applied as. though the action had been filed in that forum on the date it was filed in Florida. The purpose underlying subdivision (d) is to ensure that the action is promptly refiled in the new forum. Both of these stipulations are deemed to be a part of every stipulation that does not expressly state otherwise, subject to the qualification provided in subdivision (e).
Subdivision (e) recognizes that there may be extraordinary conditions associated with the new forum that would require the waiver of the conditions provided in subdivisions (e) and (d). Waivers should be granted sparingly. Thus, the parties by unanimous consent may stipulate to waive those conditions only upon showing a compelling reason to the trial court. The trial court’s acceptance or rejection of the waiver may not be reversed on appeal where supported by competent, substantial evidence.
Subdivision (f) requires the parties to reduce their stipulation to written form, which the parties must sign. When and if the trial court accepts the stipulation, the parties’ agreement then is treated as though it were incorporated by reference in the trial court’s order of dismissal. To avoid confusion, the parties shall include the automatic stipulations provided by subdivisions (c) and (d) of this rule, unless the latter are properly waived under subdivision (e). However, the failure to include these automatic conditions in the stipulation does not waive them unless the dismissing court has expressly so ruled.
Committee Notes
2000 Amendment. Subdivision (a)(1) is amended to clarify that the alternative forum other than Florida must have jurisdiction over all of the parties for the trial court to grant a dismissal based on forum non conveniens.
Subdivision (b) is amended to clarify that all of the defendants, not just the moving defendant, must agree to the stipulations required by subdivision (c) as well as any additional stipulations required by the trial court before an action may be dismissed based on foruin non conveniens.
Subdivision (g) is added to require that a motion to dismiss based on forum non conveniens be served not later than 60 days after service of process on the moving party.
Subdivision (h) is added to require the court to retain jurisdiction over the action after the dismissal for purposes of enforcing its order of dismissal and any conditions and stipulations contained in the order.
RULE 1.080. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.
(b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall be complete upon: (1) handing it to the attorney or to the party, (2) leaving it at the attorney’s or party’s office with a clerk or other person in charge *1102 thereof, (3) if there is no one in charge, leaving it in a conspicuous place therein, (4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or (5) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(c) Service; Numerous Defendants. In actions when the parties are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in such manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed with the court either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit papers to be filed with the judge, in which event the judge shall note the filing date before him or her on the papers and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) (fax) this , day of ., 19._on (date) .
Attorney”
the certificate shall be taken as prima facie proof of such service in compliance with these rules.
(g) Service by Clerk. If a party who is not represented by an attorney files a paper that does not show service of a copy on other parties, the clerk shall serve a copy of it on other parties as provided in subdivision (b).
(h) Service of Orders.
(1) A copy of all orders or judgments shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial as prescribed in rule 1.440(c) and final judgments that shall be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment.
(2) When a final judgment is entered against a party in default, the court shall mail a conformed copy of it to the party. The party in whose favor the judgment is entered shall furnish the court with a copy of the judgment, unless it is prepared by the court, and the address of the party to be served. If the address is unknown, the copy need not be furnished.
(3) This subdivision is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceedings arising in the action.
Committee Notes
1971 Amendment. Subdivision (g) is added to cover the situation when a party *1103 responds by a letter to the clerk and the letter may constitute the party’s answer. The clerk is then required to furnish copies to parties who have appeared in the action and who are not shown to have received copies. It is not intended to apply to those litigious persons appearing in proper person who are familiar with the requirements of the rules. Subdivision (h) is added and the first part regulates the service of copies of orders. When a party is charged with preparation of an order, it requires service of the proposed form on other parties and delivery of sufficient copies to the court to be conformed and furnished to all parties after entry. The second part is intended to notify defendant whose address is known of the determination of the action by the court. Failure to comply with either part of subdivision (h) does not affect the order or judgment in any manner.
1972 Amendment. Subdivision (h) is amended because confusion has resulted in its application. Use of the term “party” has been misconstrued. It must be read in conjunction with subdivision (b) of the rule. When service can be made on an attorney, it should be made on the attorney. The term “party” is used throughout the rules because subdivision (b) makes the necessary substitution of the party’s attorney throughout the rules. No certificate of service is required. The notation with the names of the persons served with a proposed form is not to be signed. The committee intended for the court to know who had been served only. Otherwise, the committee would have used the form of certificate of service in subdivision (f). Submission of copies and mailing of them by the court has proved cumbersome in practice and so it is deleted. The purpose of the rule was to ensure that all parties had an opportunity to see the proposed form before entry by the court.
1976 Amendment. The amendment made to this rule on July 26, 1972, was intended according to the committee notes “[t]o assure that all parties had an opportunity to see the proposed form before entry by the Court.” This change followed on the heels of the 1971 amendment, which the committee felt had been confusing.
Two changes have been made to subdivision (h)(1), which have resulted in a wholesale redrafting of the rule. First, the provision requiring the submission of proposed orders to all counsel prior to entry by the court has been deleted, any inaccuracies in an order submitted to the court being remediable either by the court’s own vigilance or later application by an interested party. Secondly, the rule now requires that conformed copies of any order entered by the court must be mailed to all parties of record in all instances (and to defaulted parties in 2 specified instances), for purposes of advising them of the date of the court’s action as well as the substance of such action. Nothing in this new rule is meant to limit the power of the court to delegate the ministerial function of preparing orders.
1992 Amendment. Subdivisions (b) and (f) are amended to allow service pursuant to this rule to be made by facsimile. “Facsimile” or “fax” is a copy of a paper transmitted by electronic means to a printer receiving the transmission at a designated telephone number. When service is made by facsimile or fax, a second copy must be served by any other method permitted by this rule to ensure that a legible copy is received.
Court Commentary
1984 Amendment. The committee is recommending an amendment to rule 1.530(b) to cure the confusion created by Casto v. Casto, 404 So.2d 1046 (Fla.1981). That recommendation requires an amendment to rule 1.080(e) specifying that the date of fifing is that shown on the face of the paper.
RULE 1.110. GENERAL RULES OF PLEADING
(a) Forms of Pleadings. Forms of action and technical forms for seeking relief *1104 and of pleas, pleadings, or motions are abolished.
(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, must state a cause of action and shah contain (1) a short and plain statement of the grounds upon which the court’s jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to demand general relief.
(c) The Answer. In the answer a pleader shall state in short and plain terms the pleader’s defenses to each claim asserted and shall admit or deny the aver-ments on which the adverse party relies. If the defendant is without knowledge, the defendant shall so state and such statement shall operate as a denial. Denial shall fairly meet the substance of the aver-ments denied. When a pleader intends in good faith to deny only a part of an averment, the pleader shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or may generally deny all of the averments except such designated aver-ments as the pleader expressly admits, but when the pleader does so intend to controvert all of its averments, including aver-ments of the grounds upon which the court’s jurisdiction depends, the pleader may do so by general denial.
(d) Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b); provided this shall not limit amendments under rule 1.190 even if such ground is sustained.
(e) Effect of Failure to Deny. Aver-ments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.
(f) Separate Statements. All aver-ments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense when a separation facilitates the clear presentation of the matter set forth.
(g) Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined. A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 *1105 count or defense or in separate counts or defenses. When 2 or more statements are made in the alternative and 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of 1 or more of the alternative statements. A party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to do substantial justice.
(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.
Committee Notes
1971 Amendment. Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplemental declaratory relief actions, or trust supervision. When any subsequent proceeding results in a pleading in the strict technical sense under rule 1.100(a), response by opposing parties will follow the same course as though the new pleading were the initial pleading in the action. The time for answering and authority for defenses under rule 1.140 will apply. The last sentence exempts post judgment motions under rules 1.480(c), 1.530, and 1.540, and similar proceedings from its purview.
RULE 1.140. DEFENSES
(a) When Presented.
(1)A defendant shall serve an answer within 20 days after service of original process and the initial pleading on the defendant, or not later than the date fixed in a notice by publication. A party served with a pleading stating a crossclaim against that party shall serve an answer to it within 20 days after service on that party. The plaintiff shall serve an answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply shall be served within 20 days after service of the answer.
(2) The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings shall be served within 10 days after notice of the court’s action or, if the court grants a motion for a more definite statement, the responsive pleadings shall be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.
(3) If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement shall be served within 10 days after notice of the court’s action. Responses to the pleadings or statements shall be served within 10 days of service of the pleadings or statements.
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and *1106 with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert any defense in law or fact to that claim for relief at the trial, except that the objection of failure to state a legal defense in an answer or reply shall be asserted by motion to strike the defense within 20 days after service of the answer or reply.
(c) Motion for Judgment on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
(d) Preliminary Hearings. The defenses 1 to 7 in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment in subdivision (c) of this rule shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination shall be deferred until the trial.
(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, that party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
(f) Motion to Strike. A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time.
(g) Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to that party. If a party makes a motion under this rule but omits from it any defenses or objections then available to that party that this rule permits to be raised by motion, that party shall not thereafter make a motion based on any of the defenses or objections omitted, except as provided in subdivision (h)(2) of this rule.
(h) Waiver of Defenses.
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in-either in a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.
Committee Notes
1972 Amendment. Subdivision (a) is amended to eliminate the unnecessary statement of the return date when service is made by publication, and to accommodate the change proposed in rule 1.100(a) making a reply mandatory under certain circumstances. Motions to strike under subdivision (f) are divided into 2 categories, so subdivision (a) is also amended to accommodate this change by eliminating motions to strike under the new subdivision (f) as motions that toll the running of time. A motion to strike an insufficient legal defense will now be available under subdivision (b) and continue to toll the *1107 time for responsive pleading. Subdivision (b) is amended to include the defense of failure to a sufficient legal defense. The proper method of attack for failure to state a legal defense remains a motion to strike. Subdivision (f) is changed to accommodate the 2 types of motions to strike. The motion to strike an insufficient legal defense is now in subdivision (b). The motion to strike under subdivision (f) does not toll the time for responsive pleading and can be made at any time, and the matter can be stricken by the court on its initiative at any time. Subdivision (g) follows the terminology of Federal Rule of Civil Procedure 12(g). Much difficulty has been experienced in the application of this and the succeeding subdivision with the result that the same defenses are being raised several times in an action. The intent of the rule is to permit the defenses to be raised one time, either by motion or by the responsive pleading, and thereafter only by motion for judgment on the pleadings or at the trial. Subdivision (h) also reflects this philosophy. It is based on federal rule 12(h) but more clearly states the purpose of the rule.
1988 Amendment. The amendment to subdivision (a) is to fix a time within which amended pleadings, responsive pleadings, or more definite statements required by the court and responses to those pleadings or statements must be served when no time limit is fixed by the court in its order. The court’s authority to alter these time periods is contained in rule 1.090(b).
RULE 1.200. PRETRIAL PROCEDURE
(a) Case Management Conference. At any time after responsive pleadings or motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered shall be specified in the order or notice setting the conference. At such a conference the court may:
(1) schedule or reschedule the service of motions, pleadings, and other papers;
(2) set or reset the time of trials, subject to rule 1.440(c);
(8)coordinate the progress of the action if complex litigation factors are present;
(4) limit, schedule, order, or expedite discovery;
(5) schedule disclosure of expert witnesses and the discovery of facts known aud opinions held by such experts;
(6) schedule or hear motions in li-mine;
(7) pursue the possibilities of settlement;
(8) require filing of preliminary stipulations if issues can be narrowed;
(9) consider referring issues to a master for findings of fact; and
(10) schedule other conferences or determine other matters that may aid in the disposition of the action.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
(c) Notice. Reasonable notice shall be given for a case management conference, and 20 days’ notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the *1108 court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.
Committee Notes
1971 Amendment. The 3 paragraphs of the rule are lettered and given subtitles. The present last paragraph is placed second as subdivision (b) because the proceeding required under it is taken before that in the present second paragraph. The time for implementation is changed from settling the issues because the language is erroneous, the purpose of the conference being to settle some and prepare for the trial of other issues. The last 2 sentences of subdivision (b) are added to require uniformity by all judges of the court and to require specification of the documentary requirements for the conference. The last sentence of subdivision (c) is deleted since it is covered by the local rule provisions of rule 1.020(d). The reference to the parties in substitution for attorneys and counsel is one of style because the rules generally impose obligations on the parties except when the attorneys are specifically intended. It should be understood that those parties represented by attorneys will have the attorneys perform for them in the usual manner.
1972 Amendment. Subdivision (a) is amended to require the motion for a pretrial by a party to be timely. This is done to avoid motions for pretrial conferences made a short time before trial and requests for a continuance of the trial as a result of the pretrial conference order. The subdivision is also amended to require the clerk to send to the judge a copy of the motion by a party for the pretrial conference.
1988 Amendment. The purpose of adding subdivision (a)(5) is to spell out clearly for the bench and bar that case management conferences may be used for scheduling the disclosure of expert witnesses and the discovery of the opinion and factual information held by those experts. Subdivision (5) is not intended to expand discovery.
1992 Amendment. Subdivision (a) is amended to allow a party to set a case management conference in the same manner as a party may set a hearing on a motion. Subdivision (c) is amended to remove the mandatory language and make the notice requirement for a case management conference the same as that for a hearing on a motion; ie., reasonable notice.
Court Commentary
1984 Amendment. This is a substantial rewording of rule 1.200. Subdivision (a) is added to authorize case management conferences in an effort to give the court more control over the progress of the action. All of the matters that the court can do under the case management conference can be done at the present time under other rules or because of the court’s authority otherwise. The new subdivision merely emphasizes the court’s authority and arranges an orderly method for the exercise of that authority. Subdivisions (a), (b), and (c) of the existing rule are relettered accordingly. Subdivision (a) of the existing rule is also amended to delete the reference to requiring the attorneys to appear at a pretrial conference by referring to the parties for that purpose. This is consistent with the language used throughout the rules and does not contemplate a change in present procedure. Subdivisions (a)(5) and (a)(6) of the existing rule are deleted since they are now covered adequately under the new subdivision (a). Subdivisions (b) and (c) of the existing rule are amended to accommodate the 2 types of conferences that are now authorized by the rules.
*1109 RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c) of this rale, the frequency of use of these methods is not limited, except as provided in rule 1.200 and rule 1.340.
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rales, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Indemnity Agreements. A party may obtain discovery of the existence and contents of any agreement under which any person may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or to reimburse a party for payments made to satisfy the judgment. Information concerning the agreement is not admissible in evidence at trial by reason of disclosure.
(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative, including that party’s attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.
(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
*1110 (A)(i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
(iii) A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:
1. The scope of employment in the pending case and the compensation for such service.
2. The expert’s general litigation experience, including the percentage of work performed for plaintiffs and defendants.
3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.
4. An approximation of the portion of the expert’s involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.
An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A) and (b)(4)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(4)(A) of this rule the court may require, and concerning discovery obtained under subdivision (b)(4)(B) of this rule shall require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
(D) As used in these rules an expert shall be an expert witness as defined in rule 1.390(a).
(5) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
*1111 (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.
(d) Sequence and Timing of Discovery. Except as provided in subdivision (b)(4) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not delay any other party’s discovery.
(e) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired.
Committee Notes
1972 Amendment. The rule is derived from Federal Rule of Civil Procedure 26 as amended in 1970. Subdivisions (a), (b)(2), and (b)(3) are new. Subdivision (c) contains material from former rule 1.310(b). Subdivisions (d) and (e) are new, but the latter is similar to former rule 1.340(d). Significant changes are made in discovery from experts. The general rearrangement of the discovery rule is more logical and is the result of 35 years of experience under the federal rules.
1988 Amendment. Subdivision (b)(2) has been added to enable discovery of the existence and contents of indemnity agreements and is the result of the enactment of sections 627.7262 and 627.7264, Florida Statutes, proscribing the joinder of insurers but providing for disclosure. This rule is derived from Federal Rule of Civil Procedure 26(b)(2). Subdivisions (b)(2) and (b)(3) have been redesignated as (b)(3) and (b)(4) respectively.
The purpose of the amendment to subdivision (b)(3)(A) (renumbered (b)(4)(A)) is to allow, without leave of court, the depositions of experts who have been disclosed as expected to be used at trial. The purpose of subdivision (b)(4)(D) is to define the term “expert” as used in these rules.
1996 Amendment. The amendments to subdivision (b)(4)(A) are derived from the Supreme Court’s decision in Elkins v. Syken, 672 So.2d 517 (Fla.1996). They are intended to avoid annoyance, embarrassment, and undue expense while still permitting the adverse party to obtain relevant information regarding the potential bias or interest of the expert witness.
Subdivision (b)(5) is added and is derived from Federal Rule of Civil Procedure 26(b)(5) (1993).
*1112 Court Commentary
2000 Amendment. Allstate Insurance Co. v. Boecher, 733 So.2d 993, 999 (Fla-1999), clarifies that subdivision (b)(4)(A)(iii) is not intended “to place a blanket bar on discovery from parties about information they have in their possession about an expert, including the party’s financial relationship with the expert.”
RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
(a) When Depositions May Be Taken. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition within 30 days after service of the process and initial pleading upon any defendant, except that leave is not required (1)if a defendant has served a notice of taking deposition or otherwise sought discovery, or (2) if special notice is given as provided in subdivision (b)(2) of this rule. The attendance of witnesses may be compelled by subpoena as provided in rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
(b) Notice; Method of Taking; Production at Deposition.
(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena shall be attached to or included in the notice.
(2) Leave of court is not required for the taking of a deposition by plaintiff if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless a deposition is taken before expiration of the 30-day period under subdivision (a). If a party shows that when served with notice under this subdivision that party was unable through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition, the deposition may not be used against that party.
(3) For cause shown the court may enlarge or shorten the time for taking the deposition.
(4) Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.
(A) Notice. A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator.
(B) Stenographer. Videotaped depositions shall also be recorded steno-graphically, unless all parties agree otherwise.
(C) Procedure. At the beginning of the deposition, the officer before whom it is taken shall, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear the witness.
(D) Custody of Tape and Copies. The attorney for the party requesting the videotaping of the deposition shall take custody of and be responsible for the safeguarding of the videotape, shall permit the viewing of it by the opposing party, and, if requested, shall provide a copy of the videotape at the expense of the party requesting the copy.
(E) Cost of Videotaped Depositions. The party requesting the videotap *1113 ing shall bear the initial cost of videotaping.
(5) The notice to a party deponent may be accompanied by a request made in compliance with rule 1.350 for the production of documents and tangible things at the taking of the deposition. The procedure of rule 1.350 shall apply to the request.
(6) In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.
(7) On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at that party’s own initial expense.
(c) Examination and Cross-Examination; Record of Examination; Oath; Objections. Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under the officer’s direction and in the officer’s presence, record the testimony of the witness, except that when a deposition is being taken by telephone, the witness shall be sworn by a person present with the witness who is qualified to administer an oath in that location. The testimony shall be taken stenographically or recorded by any other means ordered in accordance with subdivision (b)(4) of this rule. If requested by one of the parties, the testimony shall be transcribed at the initial cost of the requesting party and prompt notice of the request shall be given to all other parties. All objections made at time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings shall be noted by the officer upon the deposition. Any objection during a deposition shall be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to shall be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and that party shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of rule 1.310(c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and, manner of the taking of the deposition under rule 1.280(c). If the order terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or the deponent, the *1114 taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of rule 1.380(a) apply to the award of expenses incurred in relation to the motion.
(e) Witness Review. If the testimony is transcribed, the transcript shall be furnished to the witness for examination and shall be read to or by the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make shall be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes shall be attached to the transcript. It shall then be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to the witness, the officer shall sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly, on motion under rule 1.330(d)(4).
(f) Filing; Exhibits.
(1)If the deposition is transcribed, the officer shall certify on each copy of the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the examination of the witness shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.
(2) Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.
(3) A copy of a deposition may be filed only under the following circumstances:
(A) It may be filed by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
(B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party.
(g) Obtaining Copies. A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies- shall be paid to the person by the requesting party or witness.
(h) Failure to Attend or to Serve Subpoena; Expenses.
(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by *1115 the other party and the other party’s attorney in attending, including reasonable attorneys’ fees.
(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of the failure does not attend and if another party attends in person or by attorney because that other party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by that other party and that other party’s attorney in attending, including reasonable attorneys’ fees.
Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 30 as amended in 1970. Subdivision (a) is derived from rule 1.280(a); subdivision (b) from rule 1.310(a) with additional matter added; the first sentence of subdivision (c) has been added and clarifying language added throughout the remainder of the rule.
1976 Amendment. Subdivision (b)(4) has been amended to allow the taking of a videotaped deposition as a matter of right. Provisions for the taxation of costs and the entry of a standard order are included as well. This new amendment allows the contemporaneous stenographic transcription of a videotaped deposition.
1988 Amendment. The amendments to subdivision (b)(4) are to provide for depositions by videotape as a matter of right.
The notice provision is to ensure that specific notice is given that the deposition will be videotaped and to disclose the identity of the operator. It was decided not to make special provision for a number of days’ notice.
The requirement that a stenographer be present (who is also the person likely to be swearing the deponent) is to ensure the availability of a transcript (although not required). The transcript would be a tool to ensure the accuracy of the videotape and thus eliminate the need to establish other procedures aimed at the same objective (like time clocks in the picture and the like). This does not mean that a transcript must be made. As at ordinary depositions, this would be up to the litigants.
Technical videotaping procedures were not included. It is anticipated that technical problems may be addressed by the court on motions to quash or motions for protective orders.
Subdivision (c) has been amended to accommodate the taking of depositions by telephone. The amendment requires the deponent to be sworn by a person authorized to administer oaths in the deponent’s location and who is present with the deponent.
1992 Amendment. Subdivision (b)(4)(D) is amended to clarify an ambiguity in whether the cost of the videotape copy is to be borne by the party requesting the videotaping or by the party requesting the copy. The amendment requires the party requesting the copy to bear the cost of the copy.
1996 Amendment. Subdivision (c) is amended to state the existing law, which authorizes attorneys to instruct deponents not to answer questions only in specific situations. This amendment is derived from Federal Rule of Civil Procedure 30(d) as amended in 1993.
Court Commentary
1984 Amendment. Subdivision (b)(7) is added to authorize deposition by telephone, with provision for any party to have a stenographic transcription at that party’s own initial expense.
Subdivision (d) is changed to permit any party to terminate the deposition, not just the objecting party.
Subdivision (e) is changed to eliminate the confusing requirement that a transcript be submitted to the witness. The term has been construed as requiring the court reporter to travel, if necessary, to *1116 the witness, and creates a problem when a witness is deposed in Florida and thereafter leaves the state before signing. The change is intended to permit the parties and the court reporter to handle such situations on an ad hoc basis as is most appropriate.
Subdivision (f) is the committee’s action in response to the petition seeking amendment to rule 1.310(f) filed in the Supreme Court Case No. 62,699. Subdivision (f) is changed to clarify the need for furnishing copies when a deposition, or part of it, is properly filed, to authorize the court to require a deposition to be both transcribed and filed, and to specify that a party who does not obtain a copy of the deposition may get it from the court reporter unless ordered otherwise by the court. This eliminates the present requirement of furnishing a copy of the deposition, or material part of it, to a person who already has a copy in subdivision (f)(8)(A).
Subdivision (f)(3)(B) broadens the authority of the court to require the filing of a deposition that has been taken, but not transcribed.
Subdivision (g) requires a party to obtain a copy of the deposition from the court reporter unless the court orders otherwise. Generally, the court should not order a party who has a copy of the deposition to furnish it to someone who has neglected to obtain it when the deposition was transcribed. The person should obtain it from the court reporter unless there is a good reason why it cannot be obtained from the reporter.
RULE 1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(1) Appropriate Court. An application for an order to a party may be made to the court in which the action is pending or in accordance with rule 1.310(d). An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken.
(2) Motion. If a deponent fails to answer a question propounded or submitted under rule 1.310 or 1.320, or a corporation or other entity fails to make a designation under rule 1.310(b)(6) or 1.320(a), or a party fails to answer an interrogatory submitted under rule 1.340, or if a party in response to a request for inspection submitted under rule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party in response to a request for examination of a person submitted under rule 1.360(a) objects to the examination, fails to respond that the examination will be permitted as requested, or fails to submit to or to produce a person in that party’s custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to rule 1.280(c).
(3) Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
(4) Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys’ fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of *1117 expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys’ fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(b)Failure to Comply with Order.
(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
(2) If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 1.360, the court in which the action is pending may make any of the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made pursuant to rule 1.360(a)(1)(B) or subdivision (a)(2) of this rule.
(E)When a party has failed to comply with an order under rule 1.360(a)(1)(B) requiring that party to produce another for examination, the orders listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows the inability to produce the person for examination.
Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys’ fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition after being served with a proper notice, (2) to serve answers or objections to interrogatories submitted *1118 under rule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C)of subdivision (b)(2) of this rule. Instead of any order or in addition to it, the court shall require the party fading to act to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 1.280(c).
Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 37 as amended in 1970. Subdivision (a)(3) is new and makes it clear that an evasive or incomplete answer is a failure to answer under the rule. Other clarifying changes have been made within the general scope of the rule to ensure that complete coverage of all discovery failures is afforded.
RULE 1.442. PROPOSALS FOR SETTLEMENT
(a) Applicability. This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.
(b) Time RequirementsService of Proposal. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.
(c) Form and Content of Proposal for Settlement.
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys^ fees and whether attorneys^ fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
(d) Service and Filing. A proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule.
(e) Withdrawal. A proposal may be withdrawn in writing provided the written withdrawal is delivered before a written acceptance is delivered. Once withdrawn, a proposal is void.
(f) Acceptance and Rejection.
(1) A proposal shall be deemed rejected unless accepted by delivery of a *1119 written notice of acceptance within 30 days after service of the proposal. The provisions of rule 1.090(e) do not apply to this subdivision. No oral communications shall constitute an acceptance, rejection, or counteroffer under the provisions of this rule.
(2) In any case in which the existence of a class is alleged, the time for acceptance of a proposal for settlement is extended to 30 days after the date the order granting or denying certification is filed.
(g) Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal’s recipient to accept a proposal, shall do so by service-of an appropr-iateserving a motion within 30 days after the entry of judgment in a nonjury action, the return of the verdict in a jury -action, or the entry of a voluntary or involuntary dismissaiin accordance with rule 1.525.
(h) Costs and Fees.
(1) If a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorneys^ fees.
(2) When determining the reasonableness of the amount of an award of attorneys^ fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following factors:
(A) The then-apparent merit or lack of merit in the claim.
(B) The number and nature of proposals made by the parties.
(C) The closeness of questions of fact and law at issue.
(D) Whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal.
(E) Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting non-parties.
(F)The amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.
(i) Evidence of Proposal. Evidence of a proposal or acceptance thereof is admissible only in proceedings to enforce an accepted proposal or to determine the imposition of sanctions.
(j) Effect of Mediation. Mediation shall have no effect on the dates during which parties are permitted to make or accept a proposal for settlement under the terms of the rule.
Committee Notes
1996 Amendment. This rule was amended to reconcile, where possible, sections 44.102(6) (formerly 44.102(5)(b)), 45.061, 73.032, and 768.79, Florida Statutes, and the decisions of the Florida Supreme Court in Knealing v. Puleo, 675 So.2d 593 (Fla.1996), TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995), and Timmons v. Combs, 608 So.2d 1 (Fla.1992). This rule replaces former rule 1.442, which was repealed by the Timmons decision, and supersedes those sections of the Florida Statutes and the prior decisions of the court, where reconciliation is impossible, in order to provide a workable structure for proposing settlements in civil actions. The provision which requires that a joint proposal state the amount and terms attributable to each party is in order to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993).
2000 Amendment. Subdivision (f)(2) was added to establish the time for acceptance of proposals for settlement in class actions. “Filing” is defined in rule 1.080(e). Subdivision (g) is amended to conform with new rule 1.525.
RULE 1.525. MOTIONS FOR COSTS AND ATTORNEYS’ FEES
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a *1120 motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Committee Notes
2000 Adoption. This rule is intended to establish a time requirement to serve motions for costs and attorneys’ fees.
Court Commentary
2000 Adoption. This rule only establishes time requirements for filing motions for costs, attorneys’ fees, or both, and in no way affects or overrules the pleading requirements outlined by this Court in Stockman v. Downs, 573 So.2d 835 (Fla. 1991).
RULE 1.560. DISCOVERY IN AID OF EXECUTION
(a) In General. In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.
(b) Fact Information Sheet. In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shah order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court.
(c) Final Judgment Enforcement Paragraph. In any final judgment, the judge shall include the following enforcement paragraph if requested by the prevailing party or attorney:
“It is further ordered and adjudged that the judgment debtor(s) shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including ah required attachments, and serve it on the judgment creditor’s attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.
Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977, including ah required attachments, and serve it on the judgment creditor’s attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.”
(d) Information Regarding Assets of Judgment Debtor’s Spouse. In any final judgment, if requested by the judgment creditor, the court shall include the additional Spouse Related Portion of the fact information sheet upon a showing that a proper predicate exists for discovery of separate income and assets of the judgment debtor’s spouse.
(e) Notice of Compliance. The judgment debtor shall file with the clerk of court a notice of compliance with the order to complete form 1.977, and serve a copy of the notice of compliance on the judgment creditor or the judgment creditor’s attorney.
Committee Notes
1972 Amendment. The rule is expanded to permit discovery in any manner permitted by the rules and conforms to the 1970 change in Federal Rule of Civil Procedure 69(a).
2000 Amendment. Subdivisions (b)-(e) were added and patterned after Florida Small Claims Rule 7.221(a) and Form 7.343. Although the judgment creditor is entitled to broad discovery into the judgment debtor’s finances, Fla, R. Civ. P. 1.280(b); Jim Appley’s Trw-Arc, Inc, v. Liquid Extraction Systems, 526 So.2d 177, 179 (Fla. 2d DCA 1988), inquiry into the individual assets of the judgment debtor’s spouse may be limited until a proper predicate has been shown. Tru-Arc, Inc. 526 *1121 So.2d at 179; Rose Printing Co. v. D’Ama-to, 338 So.2d 212 (Fla. 3d DCA 1976).
Failure to complete form 1.977 as ordered may be considered contempt of court.
RULE 1.610. INJUNCTIONS
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable .injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant’s attorney certifies in writing any efforts that have been made to give noticef and
40-the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk’s office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
(c) Form and Scope. Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
(d) Motion to Dissolve. A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.
Committee Notes
1980 Amendment. This rule has been extensively amended so that it is similar to Federal Rule of Civil Procedure 65. The requirement that an injunction not be issued until a complaint was filed has been deleted as unnecessary. A pleading seeking an injunction or temporary restraining order must still be filed before either can be entered. The rule now provides for a temporary restraining order without notice that will expire automatically unless a hearing on a preliminary injunction is held and a preliminary injunction granted. The contents of an injunctive order are specified. The binding effect of .an injunctive order is specified, but does not change existing law. Motions to dissolve may be made and heard at any time. The trial on the merits can be consolidated with a hearing on issuance of a preliminary injunction, and the trial can be advanced to accommodate this.
*1122 Court Commentary
1984 Amendment. Considerable dissatisfaction arose on the adoption of the 1980 rule, particularly because of the creation of the temporary restraining order with its inflexible time limits. See Sun Tech Inc. of South Florida v. Fortune Personnel Agency of Fort Lauderdale, 412 So.2d 962 (Fla. 4th DCA 1982). The attempt to balance the rights of the parties in 1980 failed because of court congestion and the inability in the existing circumstances to accommodate the inflexible time limits. These changes will restore injunction procedure to substantially the same as that existing before the 1980 change. The temporary restraining order terminology and procedure is abolished. The former procedure of temporary and permanent injunctions is restored. The requirement of findings and reasons and other details in an injunctive order are retained.
Subdivision (b) eliminates the need for a bond on a temporary injunction issued to prevent physical injury or abuse of a natural person.
Subdivision (e) institutes a requirement that a motion to dissolve an injunction shall be heard within 5 days after the movant applies for it. This provision emphasizes the importance of a prompt determination of the propriety of injunctive relief granted without notice or, if the circumstances have changed since the issuance of the injunctive order, the need for speedy relief as a result of the changes. Former subdivisions (a), (b)(3), and (b)(4) have been repealed because the new procedure makes them superfluous. The right of the court to consolidate the hearing on a temporary injunction with the trial of the action is not affected because that can still be accomplished under rule 1.270(a).
RULE 1.650. MEDICAL MALPRACTICE PRESUIT SCREENING RULE
(a) Scope of Rule. This rule applies only to the procedures prescribed by section 768.57, Florida Statutes, for presuit screening of claims for medical malpractice.
(b) Notice.
(1) Notice of intent to initiate litigation sent by certified mail to and received by any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice. The notice shall make the recipient a party to the proceeding under this rule.
(2) The notice shall include the names and addresses of all other parties and shall be sent to each party.
(3) The court shall decide the issue of receipt of notice when raised in a motion to dismiss or to abate an action for medical malpractice.
(c) Discovery.
(1) Types. Upon receipt by a prospective defendant of a notice of intent to initiate litigation, the parties may obtain presuit screening discovery by one or more of the following methods: unsworn statements upon oral examination; production of documents or things; and physical examinations. Unless otherwise provided in this rule, the parties shall make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal of claims or defenses ultimately asserted.
(2) Procedures for Conducting.
(A) Unsworn Statements. The parties may require other parties to appear for the taking of an unsworn statement. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and *1123 address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may be electronically or stenographieally recorded, or recorded on video tape. The taking of unsworn statements is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of section 768.57, Florida Statutes.
(B) Documents or Things. At any time after receipt by a party of a notice of intent to initiate litigation, a party may request discoverable documents or things. The documents or things shall be produced at the expense of the requesting party within 20 days of the date of receipt of the request. A party is required to produce discoverable documents or things within that party’s possession or control. Copies of documents produced in response to the request of any party shall be served on all other parties. The party serving the documents shall list the name and address of the parties upon whom the documents were served, the date of service, the manner of service, and the identity of the document served in the certificate of service. Failure of a party to comply with the above time limits shall not relieve that party of its obligation under the statute but shall be evidence of failure of that party to comply with the good faith requirements of section 768.57, Florida Statutes.
(C) Physical «Examinations. Upon receipt by a party of a notice of intent to initiate litigation and within the presuit screening period, a party may require a claimant to submit to a physical examination. The party shall give reasonable notice in writing to all parties of the time and place of the examination. Unless otherwise impractical, a claimant shall be required to submit to only one examination on behalf of all parties. The practicality of a single examination shall be determined by the nature of the claimant’s condition as it relates to the potential liability of each party. The report of examination shall be made available to all parties upon payment of the reasonable cost of reproduction. The report shall not be provided to any person not a party at any time. The report shall only be used for the purpose of presuit screening and the examining physician may not testify concerning the examination in any subsequent civil action. All requests for physical examinations or notices of unsworn statements shall be in writing and a copy served upon all parties. The requests or notices shall bear a certificate of service identifying the name and address of the person upon whom the request or notice is served, the date of the request or notice, and the manner of service.
(3) Work Product. Work product generated by the presuit screening process that is subject to exclusion in a subsequent proceeding is limited to verbal or written communications that originate pursuant to the presuit screening process.
(d) Time Requirements.
(1) The notice of intent to initiate litigation shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations or statute of repose. If an extension has been granted under section 768.495(2), Florida Statutes, or by agreement of the parties, the notice shall be served within the extended period.
(2) The action may not be filed against any defendant until 90 days after the notice of intent to initiate litigation was mailed to that party. The action may be filed against any party at any time after the notice of intent to initiate litigation has been mailed after the claimant has received a written rejection of the claim from that party.
*1124 (3) To avoid being barred by the applicable statute of limitations, a-complaint an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the notice of intent to initiate litigation was received, whichever is longer, and the earliest of the following:
(A) The expiration of 90 days after the date of receipt of the notice of intent to initiate litigation.
(B) The expiration of 180 days after mailing of the notice of intent to initiate litigation if the claim is controlled by section 768.28(6)(a), Florida Statutes.
(C) Receipt by claimant of a written rejection of the claim.
(D) The expiration of any extension of the 90-day presuit screening period stipulated to by the parties in accordance with section 768.57(4), Florida Statutes.
Committee Notes
2000 Amendment. The reference to the statute of repose was added to subdivision (d)(3) pursuant to Musculoskeletal Institute Chartered v. Parham, 745 So.2d 946 (Fla.1999).
RULE 1.730. COMPLETION OF MEDIATION
(a) No Agreement. If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to. the court without comment or recommendation. With the consent of the parties, the mediator’s report may also identify any pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.
(b) Agreement. If a partial or final agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law or with the parties’ consent. A report of the agreement shall be submitted to the court or a stipulation of dismissal shall be filed. By stipulation of the parties, the agreement may be electronically or stenographieally recorded. In such event, the transcript may be filed with the court. The mediator shall report the existence of the signed or transcribed agreement to the court without comment within 10 days thereof. No agreement under this rule shall be reported to the court except as provided herein.
(c) Imposition of Sanctions. In the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys^ fees, or other appropriate remedies including entry of judgment on the agreement.
Committee Notes
1996 Amendment. Subdivision (b) is amended to provide for partial settlements, to clarify the procedure for concluding mediation by report or stipulation of dismissal, and to specify the procedure for reporting mediated agreements to the court. The reporting requirements are intended to ensure the confidentiality provided for in section 44.102(3), Florida Statutes, and to prevent premature notification to the court.
FORM 1.902. SUMMONS
(a) General Form.
SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant
[[Image here]]
Each defendant is required to serve written defenses to the complaint or petition on ., plaintiffs attorney, whose address is ., within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court *1125 either before service on plaintiffs attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED on.,19.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
(b) Form for Personal Service on Natural Person.
SUMMONS
IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the “Plaintiff/Plaintiffs Attorney” named below.
IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la de-manda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefóni-ca no lo protegerá. Si usted desea que el tribunal considere su defensa, debe pre-sentar su respuesta por escrito, incluyen-do el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo de-sea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abo-gado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefónica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada aba-jo como “Plaintiff/Plaintiffs Attorney” (Demandante o Abogado del Demandante).
IMPORTANT
Des poursuites judiciares ont ete entre-prises contre vous. Vous avez 20 jours consecutifs a partir de la date de l’assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal en-tende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos Mens peuvent etre saísis par la suite, sans aucun preavis ulterieur du tribunal. II y a d’au-tres obligations juridiques et vous pouvez requerir les services immediats d’un avo-cat. Si vous ne connaissez pas d’avocat, vous pourriez telephoner a un service de reference d’avoeats ou a un bureau d’assistance juridique (figurant a l’annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale *1126 ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au “Plaintiff/ Plaintiffs Attorney” (Plaignant ou a son avocat) nomme ci-dessous.
Plaintiff/Plaintiff s Attorney
Address
Florida Bar No.
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.
DATED on., 19__
CLERK OF THE CIRCUIT COURT
(SEAL)
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
(c) Forms for Service by Mail.
(1) Notice of Lawsuit and Request for Waiver of Service of Process.
NOTICE OF COMMENCEMENT OF ACTION
TO: (Name of defendant or defendant’s representative)
A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the (Circuit or County) Court for the.and has been assigned case no.:.
This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.
If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.
If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.
I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff this .... day of., 199. -r^on.... (date)....
Plaintiffs Attorney or Unrepresented Plaintiff
(2) Waiver of Service of Process.
WAIVER OF SERVICE OF PROCESS
TO: (Name of plaintiffs attorney or unrepresented plaintiff)
I acknowledge receipt of your request that I waive service of process in the lawsuit of . v. in the . Court in . I have also received a copy of the complaint, two copies of this waiver, and a means by *1127 which I can return the signed waiver to you without cost to me.
I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.
If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:
(describe relationship to person or entity and authority to accept service)
I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.
I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.
DATED on.
Defendant or Defendant’s Representative
Committee Notes
1988 Amendment. Two forms are now provided: 1 for personal service on natural persons and 1 for other service by summons. The new form for personal service on natural persons is included to ensure awareness by defendants or respondents of their obligations to respond.
The summons form for personal service on natural persons is to be used for service on natural persons under the following provisions: sections 48.081 (service of process generally), 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.183 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state), Florida Statutes.
The former, general summons form is to be used for all other service by summons, including service under sections 48.061 (service on partnership), 48.071 (service on agents of nonresidents doing business in the state), 48.081 (service on corporation), 48.101 (service on dissolved corporations), 48.111 (service on public agencies or officers), 48.121 (service on the state), 48.131 (service on alien property custodian), 48.141 (service on labor unions), 48.151 (service on statutory agents for certain purposes), Florida Statutes, and all statutes providing for substituted service on the secretary of state.
The form for personal service on natural persons contains Spanish and French versions of the English text to ensure effective notice on all Floridians. In the event of space problems in the summons form, the committee recommends that the non-English portions be placed on the reverse side of the summons.
1992 Amendment, (b): The title is amended to eliminate confusion by the sheriffs in effecting service.
1996 Amendment. Form 1.902(c) was added for use with rule 1.070(i).
FORM 1.903. CROSSCLAIM SUMMONS
CROSSCLAIM SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the crossclaim in this action on defendant.
Each crossclaim defendant is required to serve written defenses to the crossclaim on ., defendant’s attorney, whose address is., and on., *1128 plaintiffs attorney, whose address is ., within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the attorneys or immediately thereafter. If a crossclaim defendant fails to do so, a default will be entered against that defendant for the relief demanded in the cross-claim.
DATED on.,19.
(Name of Clerk)
As Clerk of the Court
By---
As Deputy Clerk
FORM 1.904. THIRD-PARTY SUMMONS
THIRD-PARTY SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the third-party complaint or petition in this action on third-party defendant,.
Each third-party defendant is required to serve written defenses to the third-party complaint or petition on., plaintiffs attorney, whose address is ., and on ., defendant’s attorney, whose address is ., within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on the attorneys or immediately thereafter. If a third-party defendant fails to do so, a default will be entered against that defendant for the relief demanded in the third-party complaint or petition.
DATED on.19..
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.905. ATTACHMENT
WRIT OF ATTACHMENT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to attach and take into custody so much of the lands, tenements, goods, and chattels of defendant, ., as is sufficient to satisfy the sum of $.and costs.
ORDERED at., Florida, on .,19.(date)....
Judge
Committee Notes
1980 Amendment. The direction is modernized and the combination with the summons deleted. A writ of attachment must now be issued by a judge under section 76.03, Florida Statutes (1979). FORM 1.906. ATTACHMENT — FORECLOSURE
WRIT OF ATTACHMENT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to take and hold the following described property: (describe property)
or so much of it as can be found sufficient to satisfy the debt to be foreclosed.
ORDERED at ., Florida, on .,19.(date)....
Judge
Committee Notes
1980 Amendment. The direction is modernized and the combination with the summons deleted. A writ of attachment must now be issued by a judge under section 76.03, Florida Statutes (1979).
*1129 FORM 1.907. GARNISHMENT
(a) Writ of Garnishment.
WRIT OF GARNISHMENT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to summon the garnishee,., to serve an answer to this writ on., plaintiffs attorney, whose address is ., within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to defendant, ., at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may be in possession or control of any of the property of the defendant. The amount set in plaintiffs motion is $.
DATED on.,19 ...
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
(b) Continuing Writ of Garnishment against Salary or Wages.
CONTINUING WRIT OF GARNISHMENT AGAINST SALARY OR WAGES
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to summon the garnishee, ., whose address is., who is required to serve an answer to this writ on ., plaintiffs attorney, whose address is ., within 20 days after service of this writ, exclusive of the day of service, and to file the original with the clerk of court either before service on the attorney or immediately thereafter. The answer shall state whether the garnishee is the employer of the defendant.and whether the garnishee is indebted to the defendant by reason of salary or wages. The garnishee’s answer shall specify the periods of payment (for example, weekly, biweekly, or monthly) and amount of salary or wages and be based on the defendant’s earnings for the pay period during which this writ is served on the garnishee.
During each pay period, a portion of the defendant’s salary or wages as it becomes due shall be held and not disposed of or transferred until further order of this court. The amount of salary or wages to be withheld for each pay period shall be made in accordance with the following paragraph. This writ shall continue until the plaintiffs judgment is paid in full or until otherwise provided by court order.
Federal law (15 U.S.C. §§ 1671-1673) limits the amount to be withheld from salary or wages to no more than 25% of any individual defendant’s disposable earnings (the part of earnings remaining after the deduction of any amounts required by law to be deducted) for any pay period or to no more than the amount by which the individual’s disposable earnings for the pay period exceed 30 times the federal minimum hourly wage, whichever is less.
For administrative costs, the garnishee may collect $. against the salary or wages of the defendant for the first deduction and $.for each deduction thereafter.
The total amount of the final judgment outstanding as set out in the plaintiffs motion is $.
FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE ENTRY OF JUDGMENT AGAINST THE GARNISHEE *1130 FOR THE ABOVE TOTAL AMOUNT OF $.
ORDERED at.., Florida, on .:, 19.(date)....
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Notes
1992 Amendment. This form is to be used to effectuate section 77.0305, Florida Statutes.
1996 Amendment. The following was adopted as a committee note, with no changes to the text of the forms: Both forms 1.907(a) and (b) are for use after judgment has been entered against a defendant. If a plaintiff seeks a writ of garnishment before judgment is entered, notice to the defendant of the right to an immediate hearing under sections 73.031 and 77.07, Florida Statutes, must be included in the writ and served on the defendant.
FORM 1.908. WRIT OF REPLEVIN
WRIT OF REPLEVIN
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to replevy the goods and chattels in possession of the defendant, ., described as follows:
(describe property)
and to dispose of it according to law.
DATED on., 19..,,.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Notes
1980 Amendment. The form is amended in accordance with the statutory changes as a result of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The sheriff is commanded to dispose of the property according to law because of the conflict between sections 78.068(4) and 78.13, Florida Statutes (1979). The former apparently contemplates that the sheriff will hold the property for 5 days within which the bond can be posted, while the latter retains the old 3-day time period.
1996 Amendment. This amendment only changes the name of the form.
FORM 1.909. DISTRESS
DISTRESS WRIT
THE STATE OF FLORIDA:
To the Sheriff of. County, Florida:
YOU ARE COMMANDED to serve this writ and a copy of the complaint on defendant .
This distress writ subjects all property liable to distress for rent on the following property in.County, Florida:
(describe property)
Each defendant is enjoined from damaging, disposing of, secreting, or removing any property liable to be distrained from the rented real property after the time of service of this writ until the sheriff levies on the property or this writ is vacated or the court otherwise orders. If a defendant does not move for dissolution of the writ, the court may order the sheriff to levy on the property liable to distress forthwith after 20 days from the time the complaint in this action is served. The amount claimed in the complaint is the sum of $.with interest and costs.
DATED on.,19.
Judge
Committee Notes
1980 Amendment. This form is substantially revised to comply with the statutory changes in section 83.12, Florida Statutes, as amended in 1980 to overcome the *1131 unconstitutionality of distress proceedings. See Phillips v. Guin & Hunt, Inc., 344 So.2d 568 (Fla.1977). Because the revision is substantial, no struck-through or underscored type is indicated.
FORM 1.910. SUBPOENA FOR TRIAL
(a) For Issuance by Clerk.
SUBPOENA
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable ., Judge of the Court, at the . County Courthouse in ., Florida, on ., 19-.-.: at ....m., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.,19.
(Name of Clerk)
As Clerk of the Court
%-
As Deputy Clerk
Attorney for
Address
Florida Bar No.
(b) For Issuance by Attorney of Record.
SUBPOENA
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable ., Judge of the Court, at the . County Courthouse in ., Florida, on ■■■■■■■---,-19.(date)-, at ... .m., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on., 10.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410. FORM 1.911. SUBPOENA DUCES TE-CUM FOR TRIAL
(a) For Issuance by Clerk;
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable ., Judge of the Court, at the . County Courthouse in ., Florida, on .,-19-.TTT-... .(date)...., at ... .m., to testify in this action and to have with you at that time and place the following: . If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.,19_■■
(Name of Clerk)
As Clerk of the Court
*1132 By-
As Deputy Clerk
Attorney for
Address
Florida Bar No.
(b) For Issuance by Attorney of Record.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable ., Judge of the Court, at the . County Courthouse in ., Florida, on ., 19....... .(date)...at ... .m. to testify in this action and to have with you at that time and place the following: . If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.,19__
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410. FORM 1.912. SUBPOENA FOR DEPOSITION
(a) For Issuance by Clerk.
SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on 19- — -.... (date)...., at ... .m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on., 19...
(Name of Clerk)
As Clerk of the Court
By-r
As Deputy Clerk
Attorney for
Address
Florida Bar No.
(b) For Issuance by Attorney of Record.
SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on ■■■.-. ■. . . : 19.(date)...., at ... .m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.,19.
*1133 (Name of Attorney) For the Court
Attorney for
Address
Florida Bar No.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410. FORM 1.913. SUBPOENA DUCES TE-CUM FOR DEPOSITION
(a) For Issuance by Clerk.
SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on., 19.(date)...., at ... .m., for the taking of your deposition in this action and to have with you at that time and place the following: . If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.-l-9-.-v.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
Florida Bar No,
(b) For Issuance by Attorney of Record.
SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on., 19.(date)...., at ... .m., for the taking of your deposition in this action and to have with you at that time and place the following: . If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.914. EXECUTION
EXECUTION
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to levy on the property subject to execution of . in the sum of $. with interest at .... % a year from .... 19.(date)...., until paid and to have this writ before the court when satisfied.
DATED on.,19.
*1134 (Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Note
1980 Amendment. The description of the property to be levied on has been made general so it encompasses all property subject to execution under section 56.061, Florida Statutes (1979).
FORM 1.915. WRIT OF POSSESSION
WRIT OF POSSESSION
THE STATE OF FLORIDA:
To the Sheriff of. County, Florida:
YOU ARE COMMANDED to remove all persons from the following described property in.County, Florida:
(describe property)
and to put.in possession of it.
DATED on.,19.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Notes
1973 Amendment. The form is changed to make the direction conform to the statutory requirement in section 48.011, Florida Statutes.
1980 Amendment. The direction on this form is changed to the sheriff of the county where the property is located, and the conclusion is modernized.
FORM 1.916. REPLEVIN ORDER TO SHOW CAUSE
ORDER TO SHOW CAUSE
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this order on defendant, ., by personal service as provided by law, if possible, or, if you are unable to personally serve defendant within the time specified, by placing a copy of this order with a copy of the summons on the claimed property located at ., Florida, at least 5 days before the hearing scheduled below, excluding the day of service and intermediate Saturdays, Sundays, and legal holidays. Nonpersonal service as provided in this order shall be effective to afford notice to defendant of this order, but for no other purpose.
Defendant shall show cause before the Honorable ., on 19.(date)...., at .... m. in the .County Courthouse in., Florida, why the property claimed by plaintiff in the complaint filed in this action should not be taken from the possession of defendant and delivered to plaintiff.
Defendant may file affidavits, appear personally or with an attorney and present testimony at the time of the hearing, or, on a finding by the court pursuant to section 78.067(2), Florida Statutes (1979), that plaintiff is entitled to possession of the property described in the complaint pending final adjudication of the claims of the parties, file with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property to stay an order authorizing the delivery of the property to plaintiff.
If defendant fails to appear as ordered, defendant shall be deemed to have waived the right to a hearing. The court may thereupon order the clerk to issue a writ of replevin.
ORDERED at ., Florida, on ...., 19.(date).
Judge
Committee Notes
1980 Adoption. Former form 1.916 is repealed because of the consolidation of writs of assistance with writs of possession. The new form is the replevin order *1135 to show cause prescribed by section 78.065, Florida Statutes (1979).
1996 Amendment. This form is amended to provide for service at least 5 days before the show cause hearing, rather than by a specified date.
FORM 1.917. NE EXEAT
WRIT OF NE EXEAT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to detain the defendant, ., and to require the defendant to give bond in the sum of $.payable to the Governor of Florida and the Governor’s successors in office conditioned that the defendant will answer plaintiffs pleading in this action and will not depart from the state without leave of court and will comply with the lawful orders of this court, with sureties to be approved by the clerk of this court. If the defendant does not give the bond, the defendant shall be taken into custody and be confined in the . County jail until the defendant gives the bond or until further order of this court. If the defendant does not give the bond, the defendant shall be brought before a judge of this court within 24 hours of confinement.
DATED on., 19.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Notes
1976 Amendment. See 1976 Op. Att’y Gen. Fla. 076-13 (Jan. 23,1976).
FORM 1.918. LIS PENDENS
NOTICE OF LIS PENDENS
TO DEFENDANT ., AND ALL OTHERS WHOM IT MAY CONCERN:
YOU ARE NOTIFIED of the institution of this action by the plaintiff against you seeking (“to foreclose a mortgage on” or “to partition” or “to quiet title to” or other type of action) the following property in .County, Florida:
(legal description of property) DATED on.
Attorney for
Address
Florida Bar No.
FORM 1.919. NOTICE OF ACTION;
CONSTRUCTIVE SERVICE-
NO PROPERTY
NOTICE OF ACTION
TO.:
YOU ARE NOTIFIED that an action for (“construction of a will” or “re-establishment of a lost deed” or other type of action) has been filed against you and you are required to serve a copy of your written defenses, if any, to it on .. the plaintiffs attorney, whose address is ., on or before ., 19.(date)_, and file the original with the clerk of this court either before service on the plaintiffs attorney or immediately thereafter; otherwise a default will be entered against you for the relief demanded in the complaint or petition.
DATED on.-,19.....
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
NOTE: This form must be modified to name the other defendants when there are multiple defendants and all are not served under the same notice. See section 49.08(1), Florida Statutes (1979).
FORM 1.920. NOTICE OF ACTION;
*1136 CONSTRUCTIVE SERVICE-
PROPERTY
NOTICE OF ACTION
TO.:
YOU ARE NOTIFIED that an action to (“enforce a lien on” or “foreclose a mortgage on” or “quiet title to” or “partition” or other type of action) the following property in.County, Florida:
(describe property)
has been filed against you and you are required to serve a copy of your written defenses, if any, to it on ., the plaintiffs attorney, whose address is ., on or before ., 19. :- — ... .(date)...., and file the original with the clerk of this court either before service on the plaintiffs attorney or immediately thereafter; otherwise a default will be entered against you for the relief demanded in the complaint or petition.
DATED on.■, 1-9-.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
NOTE: This form must be modified to name the other defendants when there are multiple defendants and all are not served under the same notice. See section 49.08(1), Florida Statutes (1979).
FORM 1.921. NOTICE OF PRODUCTION FROM NONPARTY
NOTICE OF PRODUCTION
To.:
YOU ARE NOTIFIED that after 10 days from the date of service of this notice, if service is by delivery, or 15 days from the date of service, if service is by mail, and if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena directed to ., who is not a party and whose address is ., to produce the items listed at the time and place specified in the subpoena.
DATED on. — IIL-..
Attorney for
Address
Florida Bar No.
NOTE: This form of notice is for use with rule 1.351. A copy of the subpoena must be attached to this form for it to comply with the rule.
Committee Notes
1980 Adoption. This form is new.
1996 Amendment. This form was amended to comply with amendments to rules 1.351 and 1.410.
FORM 1.922. SUBPOENA DUCES TE-CUM WITHOUT DEPOSITION
(a) When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Clerk.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear at . in ., Florida, on .,-19.(date)...., at ... .m., and to have with you at that time and place the following: .
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You. may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time *1137 and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.. 19.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
Florida Bar No.
(b) When Witness Must Appear and Produce the Records; Issuance by Clerk.
THE STATE OF FLORIDA:
TO:.:
YOU ARE COMMANDED to appear at .in., Florida, on 19. .... (date)...., at .... m., and to have with you at that time and place the following: .
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
DATED on.,19,,...
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
Florida Bar No.
(c) When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Attorney of Record.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear at .in ., Florida, on ... -19■;■■■..(date)...., at ... .m., and to have with you at that time and place the following: .
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies *1138 upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on., 19. .■■■■>■.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
(d) When Witness Must Appear and Produce the Records; Issuance by Attorney of Record.
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear at .in., Florida, on .. 19.(date)...., at ... .m., and to have with you at that time and place the following: .
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
DATED on.-,-19.
(Name of Attorney)
For the Court'
Attorney for
Address
Florida Bar No.
NOTE: These forms are to be used for production of documents under rule 1.351. Form (a) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by the clerk. Form (b) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by the clerk. Form (c) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record. Form (d) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record.
*1139 Committee Notes
1980 Adoption. This form is new.
1996 Amendment. Forms (a) and (b) were amended and forms (c) and (d) were added to comply with amendments to rules 1.351 and 1.410.
FORM 1.923. EVICTION SUMMONS/RESIDENTIAL
EVICTION SUMMONS/RESIDENTIAL
TO: .
Defendant(s)
PLEASE READ CAREFULLY
You are being sued by . to require you to move out of the place where you are living for the reasons given in the attached complaint.
You are entitled to a trial to determine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.
THE THINGS YOU MUST DO. ARE AS FOLLOWS:
(1) Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the clerk of the court at . County Courthouse
., Florida
(2) Mail or give a copy of your written reason(s) to:
PlaintifRPlaintiff s Attorney
Address
(3) Pay to the clerk of the court the amount of rent that the attached complaint claims to be due and any rent that becomes due until the lawsuit is over. If you believe that the amount claimed in the complaint is incorrect, you should file with the clerk of the court a motion to have the court determine the amount to be paid. If you file a motion, you must attach to the motion any documents supporting your position and mail or give a copy of the motion to the plaintiff/plaintiffs attorney.
(4) If you file a motion to have the court determine the amount of rent to be paid to the clerk of the court, you must immediately contact the office of the judge to whom the case is assigned to schedule a hearing to decide what amount should be paid to the clerk of the court while the lawsuit is pending.
IF YOU DO NOT DO ALL OF THE THINGS SPECIFIED ABOVE WITHIN 5 WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TO YOU OR TO A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE
(5)If the attached complaint also contains a claim for money damages (such as unpaid rent), you must respond to that claim separately. You must write down the reasons why you believe that you do not owe the money claimed. The written reasons must be given to the clerk of the court at the address specified in paragraph (1) above, and you must mail or give a copy of your written reasons to the plaintiff/plaintiffs attorney at the address specified in paragraph (2) above. This must be done within 20 days after the date these papers were given to you or to a person who lives with you or were posted at your home. This obligation is separate from the requirement of answering the claim for eviction within 5 working days after these *1140 papers were given to you or to a person who lives with you or were posted at your home.
THE STATE OF FLORIDA:
To Each Sheriff of the State: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.
DATED on., ..
Clerk of the County Court
By-
As Deputy Clerk
NOTIFICACION DE DESALOJO/RESI-DENCIAL
A: .
Demandado(s)
SIRVASE LEER CON CUIDADO
Usted esta siendo demandado por . para exigirle que desaloje el lugar donde reside por los motivos que se expresan en la demanda adjunta.
Usted tiene derecho a ser sometido a juicio para determinar si se le puede exigir que se mude, pero ES NECESARIO que haga TODO lo que se le pide a continua-ción en un plazo de 5 dias (no incluidos los sábados, domingos, ni dias feriados) a par-tir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se colocaron en su casa.
USTED DEBERA HACER LO SI-GUIENTE:
(1)Escribir el (los) motivo(s) por el (los) cual(es) cree que no se le debe obligar a mudarse. El (Los) motivo(s) debera(n) en-tregarse por escrito al secretario del tribunal en el Edificio-denles- Tribunales de Condado de ., — Florida. County Courthouse
., Florida
(2)Enviar por correo o darle su(s) moti-vo(s) por escrito a:
Demandante/Abogado del Demandante
Dirección
(3) Pagarle al secretario del tribunal el monto del alquiler que la demanda adjunta reclama como adeudado, así como cualquier alquiler pagadero hasta que concluya el litigio. Si usted considera que el monto reclamado en la demanda es incorrecto, deberá presentarle al secretario del tribunal una mocion para que el tribunal determine el monto que deba pagarse. Si usted presenta una mocion, deberá adjuntarle a esta cualesquiera documentos que respal-den su posición, y enviar por correo o entregar una copia de la misma al deman-dante/abogado del demandante.
(4) Si usted presenta una mocion para que el tribunal determine el monto del alquiler que deba pagarse al secretario del tribunal, deberá comunicarse de inmediato con la oficina del juez al que se le haya asignado el caso para que programe una audiencia con el fin de determinar el mon-to que deba pagarse al secretario del tribunal mientras el litigio este pendiente.
SI USTED NO LLEVA A CABO LAS ACCIONES QUE SE ESPECIFICAN ANTERIORMENTE EN UN PLAZO DE 5 DIAS LABORABLES A PARTIR DE LA FECHA EN QUE ESTOS DOCU-MENTOS SE LE ENTREGARON A USTED O A UNA PERSONA QUE VIVE CON USTED, O SE COLOQUEN EN SU CASA, SE LE PODRA DESALO-JAR SIN NECESIDAD DE CELEBRAR UNA AUDIENCIA NI CURSARSELE OTRO AVISO
(5)Si la demanda adjunta también in-cluye una reclamación por danos y perjuic-ios pecunarios (tales como el incumpli-miento de pago del alquiler), usted deberá responder a dicha reclamación por separa-do. Deberá exponer por escrito los moti-vos por los cuales considera que usted no *1141 debe la suma reclamada, y entregarlos al secretario del tribunal en la dirección que se especifica en el párrafo (1) anterior, asi como enviar por correo o entregar una copia de los mismos al demandante/aboga-do del demandante en la dirección que se especifica en el párrafo (2) anterior. Esto deberá llevarse a cabo en un plazo de 20 dias a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se colo-quen en su casa. Esta obligación es aparte del requisito de responder a la de-manda de desalojo en un plazo de 5 dias a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se coloquen en su casa.
CITATION
D’EVICTION/RESIDENTIELLE
A: .
Defendeur(s)
LISEZ ATTENTIVEMENT
Vous etes poursuivi par.pour exiger que vous evacuez les lieux de votre residence pour les raisons enumerees dans la plainte ci-dessous.
Vous avez droit a un proces pour determiner si vous devez demenager, mais vous devez, au prealable, suivre les instructions enumerees ci-dessous, pendant les 5 jours (non eompris le samedi, le dimanche, ou un jour ferie) a partir de la date ou ces documents ont ete donnes a vous ou a la per-sonne vivant avec vous, ou ont ete affiches a votre residence.
LISTE DES INSTRUCTIONS A SUIVRE:
(1)Enumerer par ecrit les raisons pour lesquelles vous pensez ne pas avoir a de-menager. Elles doivent etre remises au clerc du tribunal a . County Courthouse
., Florida
(2)Envoyer ou donner une copie au:
Plaignant/Avocat du Plaignant
Adresse
(3) Payer au clerc du tribunal le mon-tant des loyers dus comme etabli dans la plainte et le montant des loyers dus jus-qu‘a la fin du proces. Si vous pensez que le montant etabli dans la plainte est incorrect, vous devez presenter au clerc du tribunal une demande en justice pour determiner la somme a payer. Pour cela vous devez attaeher a la demande tous les documents soutenant votre position et faire parvenir une copie de la demande au plaig-nant/avocat du plaignant.
(4) Si vous faites une demande en justice pour determiner la somme a payer au clerc du tribunal, vous devrez immediatement prevenir le bureau de juge qui pre-sidera au proces pour fixer la date de l’audience qui decidera quelle somme doit etre payee au clerc du tribunal pendant que le proces est en cours.
SI VOUS NE SUIVEZ PAS CES INSTRUCTIONS A LA LETTRE DANS LES 5 JOURS QUE SUIVENT LA DATE OU CES DOCUMENTS ONT ETE REMIS A VOUS OU A LA PER-SONNE HABITANT AVEC VOUS, OU ONT ETE AFFICHES A VOTRE RESIDENCE, VOUS POUVEZ ETRE EX-PULSES SANS AUDIENCE OU SANS AVIS PREALABLE
(5)Si la plainte ci-dessus contient une demande pour dommages pecuniaires, tels des loyers arrieres, vous devez y repondré separement. Vous devez enumerer par ecrit les raisons pour lesquelles vous esti-mez ne pas devoir le montant demande. Ces raisons ecrites doivent etre donnees au clerc du tribunal a l’adresse specifiee *1142 dans le paragraphe (1) et une copie de ces raisons donnee ou envoyee au plaig-nant/avocat du plaignant a l’adresse speci-fiee dans le paragraphe (2). Cela doit etre fait dans les 20 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence. Cette obligation ne fait pas partie des instructions a suivre en reponse au proces d’eviction dans les 5 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence.
Committee Notes
1988 Adoption. This form was added to inform those sought to be evicted of the procedure they must follow to resist eviction.
1996 Amendment. This is a substantial revision of form 1.923 to comply with the requirements of section 83.60, Florida Statutes, as amended in 1993.
FORM 1.932. OPEN ACCOUNT
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. Defendant owes plaintiff $. that is due with interest since ., 19.(date)...., according to the attached account.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: A copy of the account showing items, time of accrual of each, and amount of each must be attached.
FORM 1.933. ACCOUNT STATED
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1.This is an action for damages that (insert jurisdictional amount).
2. Before the institution of this action plaintiff and defendant had business transactions between them and on ., 19.(date)...., they agreed to the resulting balance.
3. Plaintiff rendered a statement of it to defendant, a copy being attached, and defendant did not object to the statement.
4. Defendant owes plaintiff $. that is due with interest since .*■■. 19.. -.(date)...., on the account.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: A copy of the account showing items, time of accrual of each, and amount of each must be attached.
FORM 1.934. PROMISSORY NOTE
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On ., 19;-.(date)...., defendant executed and delivered a promissory note, a copy being attached, to plaintiff in.County, Florida.
3. Plaintiff owns and holds the note.
4. Defendant failed to pay (use a or b)
a. the note when due.
b. the installment payment due on the note on ., 19.(date)...., and plaintiff elected to accelerate payment of the balance.
5. Defendant owes plaintiff $. that is due with interest since ., 19..-r.(date)...., on the note.
6. Plaintiff is obligated to pay his/her attorneys a reasonable fee for their services.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: A copy of the note must be attached. Use paragraph 4a. or b. as applicable and paragraph 6 if appropriate.
*1143 Committee Notes
1980 Amendment. Paragraph 3 is added to show ownership of the note, and paragraph 4 is clarified to show that either 4a or 4b is used, but not both.
FORM 1.935. GOODS SOLD
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. Defendant owes plaintiff $. that is due with interest since ——, 19.. .(date)_, for the following goods sold and delivered by plaintiff to defendant between 19.(date)...., and ■.., 19.(date)....:
(list goods and prices)
WHEREFORE plaintiff demands judgment for damages against defendant.
FORM 1.936. MONEY LENT
' COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. Defendant owes plaintiff $. that is due with interest since ., 19.(date)...., for money lent by plaintiff to defendant on -19...(date).
WHEREFORE plaintiff demands judgment for damages against defendant.
FORM 1.937. REPLEVIN
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action to recover possession of personal property in . County, Florida.
2. The description of the property is:
(list property)
To the best of plaintiffs knowledge, information, and belief, the value of the property is $ .
3. Plaintiff is entitled to the possession of the property under a security agreement dated.■, 19...., a copy of the agreement being attached.
4. To plaintiffs best knowledge, information, and belief, the property is located at.
5. The property is wrongfully detained by defendant. Defendant came into possession of the property by (method of possession). To plaintiffs best knowledge, information, and belief, defendant detains the property because (give reasons).
6. The property has not been taken for any tax, assessment, or fine pursuant to law.
7. The property has not been taken under an execution or attachment against plaintiffs property.
WHEREFORE plaintiff demands judgment for possession of the property.
NOTE: Paragraph 3 must be modified if the right to possession arose in another manner. Allegations and a demand for damages, if appropriate, can be added to the form.
Committee Notes
1980 Amendment. The form is amended to comply with the amendments to the replevin statutes pursuant to Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
FORM 1.939. CONVERSION
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On or about 4-1L-: .... (date)...., defendant converted to his/her own use (insert description of property converted) that was then the *1144 property of plaintiff of the value of $.
WHEREFORE plaintiff demands judgment for damages against defendant.
FORM 1.941. SPECIFIC PERFORMANCE
COMPLAINT
Plaintiff, A.B., sued defendant, C.D., and alleges:
1. This is an action for specific performance of a contract to convey real property in .County, Florida.
2. On .,19.(date)...., plaintiff and defendant entered into a written contract, a copy being attached.
3. Plaintiff tendered the purchase price to defendant and requested a conveyance of the real property described in the contract.
4. Defendant refused to accept the tender or to make the conveyance.
5. Plaintiff offers to pay the purchase price.
WHEREFORE plaintiff demands judgment that defendant be required to perform the contract for damages.
NOTE: A copy of the sales contract must be attached.
Committee Notes
1980 Amendment. Paragraph 8 is divided into 2 paragraphs to properly accord with rule 1.110(f).
FORM 1.942. CHECK
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On ., 19.(date)...., defendant executed a written order for the payment of $., commonly called a check, a copy being attached, payable to the order of plaintiff and delivered it to plaintiff.
3. The check was presented for payment to the drawee bank but payment was refused.
4. Plaintiff holds the check and it has not been paid.
5. Defendant owes plaintiff $. that is due with interest from ., 19........ (date)...., on the check.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: A copy of the check must be attached. Allegations about endorsements are omitted from this form and must be added when proper.
Committee Notes
1980 Amendment. Paragraph 4 is divided into 2 paragraphs to properly accord with rule 1.110(f).
FORM 1.944. MORTGAGE FORECLOSURE
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action to foreclose a mortgage on real property in.County, Florida.
2. On ^.y 19.(date)-, defendant executed and delivered a promissory note and a mortgage securing payment of the note to plaintiff. The mortgage was recorded on ., 19. ■. .■■■■... (date)...., in Official Records Book .... at page .... of the public records of . County, Florida, and mortgaged the property described in the mortgage then owned by and in possession of the mortgagor, a copy of the mortgage containing a copy of the note being attached.
3. Plaintiff owns and holds the note and mortgage.
4. The property is now owned by defendant who holds possession.
*1145 5.Defendant has defaulted under the note and mortgage by failing to pay the payment due 19.. . .(date)_, and all subsequent payments.
6. Plaintiff declares the full amount payable under the note and mortgage to be due.
7. Defendant owes plaintiff $. that is due on principal on the note and mortgage, interest from ., 19.. —... .(date)...and title search expense for ascertaining necessary parties to this action.
8. Plaintiff is obligated to pay plaintiff’s attorneys a reasonable fee for their services.
WHEREFORE plaintiff demands judgment foreclosing the mortgage and, if the proceeds of the sale are insufficient to pay plaintiffs claim, a deficiency judgment.
NOTE: This form is for installment payments with acceleration. It omits allegations about junior encumbrances, unpaid taxes, and unpaid insurance premiums, and for a receiver. They must be added when proper. Copies of the note and mortgage must be attached.
FORM 1.945. MOTOR VEHICLE NEGLIGENCE
COMPLAINT
Plaintiff, A.B., sues defendants, C.D., and E.F., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. (Use a or b) a. On or about .... —19.(date)...., defendant, C.D., owned a motor vehicle that was operated with his/her consent by defendant, E.F., at . in ., Florida.
b. On or about ., 19.. —... .(date)...., defendant owned and operated a motor vehicle at .in., Florida.
3. At that time and place defendants negligently operated or maintained the motor vehicle so that it collided with plaintiffs motor vehicle.
4. As a result plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiffs automobile was damaged and he/she lost the use of it during the period required for its repair or replacement.
WHEREFORE plaintiff demands judgment for damages against defendants.
NOTE: This form, except for paragraph 2b, is for use when owner and driver are different persons. Use paragraph 2b when they are the same. If paragraph 2b is used, “defendants” must be changed to “defendant” wherever it appears.
Committee Notes
1980 Amendment. This form was changed to show that one of the alternatives in paragraph 2 is used, but not both, and paragraph 4 has been changed to paraphrase Standard Jury Instruction 6.2. FORM 1.946. MOTOR VEHICLE NEGLIGENCE WHEN PLAINTIFF IS UNABLE TO DETERMINE WHO IS RESPONSIBLE
COMPLAINT
Plaintiff, A.B., sues defendants, C.D., and E.F., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On or about 19.(date)...., defendant, C.D., or defendant, E.F., or both defendants, owned and operated motor vehicles at .in.. Florida.
*1146 3. At that time and place defendants, or one of them, negligently operated or maintained their motor vehicles so that one or both of them collided with plaintiffs motor vehicle.
4. As a result plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiffs automobile was damaged and he/she lost the use of it during the period required for its repair or replacement.
WHEREFORE plaintiff demands judgment for damages against defendants.
NOTE: Allegations when owner and driver are different persons are omitted from this form and must be added when proper.
Committee Notes
1980 Amendment. Paragraph 4 is changed to paraphrase Standard Jury Instruction 6.2.
FORM 1.947. TENANT EVICTION
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action to evict a tenant from real property in . County, Florida.
2. Plaintiff owns the following described real property in said county:
(describe property)
3. Defendant has possession of the property under (oral, written) agreement to pay rent of $.payable.
4. Defendant failed to pay rent due .,19.(date).
5.Plaintiff served defendant with a notice on., 19t — .(date)...., to pay the rent or deliver possession but defendant refuses to do either.
WHEREFORE plaintiff demands judgment for possession of the property against defendant.
NOTE: Paragraph 3 must specify whether the rental agreement is written or oral and if written, a copy must be attached.
FORM 1.949. IMPLIED WARRANTY
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. Defendant manufactured a product known and described as (describe product).
3. Defendant warranted that the product was reasonably fit for its intended use as (describe intended use).
4. On .. .,-10.(date)-, at .in . County, Florida, the product (describe the occurrence and defect that resulted in injury) while being used for its intended purpose, causing injuries to plaintiff who was then a user of the product.
5. As a result plaintiff was injured in and about his/her body and extremities, suffered pain therefrom, incurred medical expense in the treatment of the injuries, and suffered physical handicap, and his/her working ability was impaired; the injuries are either permanent or continuing in their nature and plaintiff will suffer the losses and impairment in the future.
WHEREFORE plaintiff demands judgment for damages against defendant.
Committee Notes
1972 Amendment. This form is changed to require an allegation of the defect in paragraph 4. Contentions were made in trial courts that the form as pres *1147 ently authorized eliminated the substantive requirement that the plaintiff prove a defect except under those circumstances when substantive law eliminates the necessity of such proof. Paragraph 4 is amended to show that no substantive law change was intended.
FORM 1.951. FALL-DOWN NEGLIGENCE COMPLAINT
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On _, 19.(date)_, defendant was the owner and in possession of a building at . in ., Florida, that was used as a (describe use).
3. At that time and place plaintiff went on the property to (state purpose).
4. Defendant negligently maintained (describe item) on the property by (describe negligence or dangerous condition) so that plaintiff fell on the property.
5. The negligent condition was known to defendant or had existed for a sufficient length of time so that defendant should have known of it.
6. As a result plaintiff was injured in and about his/her body and extremities, suffered pain therefrom, incurred medical expense in the treatment of the injuries, and suffered physical handicap, and his/her working ability was impaired; the injuries are either permanent or continuing in nature and plaintiff will suffer the losses and impairment in the future.
WHEREFORE plaintiff demands judgment for damages against defendant.
FORM 1.960. BOND. GENERAL FORM
(TYPE OF BOND)
WE, (plaintiffs name), as principal and (surety’s name), as Surety, are bound to (defendant’s name) in the sum of $. for the payment of which we bind ourselves, our heirs, personal representatives, successors, and assigns, jointly and severally.
THE CONDITION OF THIS BOND is that if plaintiff shall (insert condition), then this bond is void; otherwise it remains in force.
SIGNED AND SEALED on ., 19.
(SEAL)
As Principal (Surety’s name)
(Surety’s name)
By-
As Attorney in Fact As Surety
Approved on ., 19.(date).
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Notes
1992 Amendment. The “Approved on ., 19...(date)....]” line is moved to a location immediately above the clerk’s name.
FORM 1.967. DEFENSE. ACCORD AND SATISFACTION
On ...1-9-..(date)...., defendant delivered to plaintiff and plaintiff accepted from defendant (specify consideration) in full satisfaction of plaintiffs claim. FORM 1.970. DEFENSE. RELEASE
On ...., 19.(date)...., and after plaintiffs claim in this action accrued, plaintiff released defendant from it, a copy of the release being attached.
NOTE: This form is for the usual case of a written release. If the release is not in writing, the last clause must be omitted and the word “orally” inserted before “released.”
*1148 FORM 1.977. FACT INFORMATION SHEET
(CAPTION)
FACT INFORMATION SHEET
Full Legal Name: , .
Nicknames or Aliases:
Residence Address:
Mailing Address (if different):
Telephone Numbers: (Home) ......
(Business)
Name of Employer: -
Address of Employer:
Position or Job Description:
Rate of Pay: $ _ per_Average
Paycheck: $ ..per
Average Commissions or Bonuses: $ per _Commissions or bonuses are based on .—
Other Personal Income: $ .— from
(Explain details on the back of this sheet or on an additional sheet if necessary.) Social Security Number: Birth-date: .
Driver’s License Number: , ,. Marital Status: Spouse’s Name: ...
•5» *!• ífc

Spouse Related Portion

Spouse’s Address (if different):
Spouse’s Social Security Number: .
Birthdate: .
Spouse’s Employer:
Spouse’s Average Paycheck or Income: $ per..
Other Family Income: $__per _ (Explain details on back of this sheet or an additional sheet if necessary.)
Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.
íj! ¡jí V
Names and Ages of All Your Children (and addresses if not living with you):
Child Support or Alimony Paid: $ per
Names of Others You Live With:
Who is Head of Your Household? You Spouse Other Person Checking Account at: ■-Account # .
Savings Account at: _Account #
For Real Estate (land) You Own or Are Buying:
Address:
All Names on Title:
Mortgage Owed to:
Balance Owed:
Monthly Payment: $
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or on an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)
For All Motor Vehicles You Own or Are
Year/Make/Model: Color:
Vehicle ID #: . Tag #: Mileage:
Names on Title: _ Present Value: $
Loan Owed to:
Balance on Loan: $
Monthly Payment: $
(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicy *1149 cles, or aircraft, on the back of this sheet or on an additional sheet if necessary.) Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is “yes,” describe the property, market value, and sale price, and give the name and address of the person who received the property.
Does anyone owe you money? Amount Owed: $...
Name and Address of Person Owing Money:
Reason money is owed:
Please attach copies of the following:
a. Your last pay stub-
fa. Yonr last 3 statements for each bank, savings, credit union, or other financial account.
c. Your motor vehicle registrations and titles.
d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.
f. Your last 2 income tax returns filed.
UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
Judgment Debtor
STATE OF FLORIDA COUNTY OF
The foregoing instrument was acknowledged before me this day of , (year ), by -. , who is personally known to me or has produced — as identification and who did/did not.. . . take an oath.
WITNESS my hand and official seal, this . . day of , (year ).
Notary Public State of Florida
My Commission expires:
THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR’S ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.
Committee Notes
2000 Adoption. This form is added to comply with amendments to rule 1.560. FORM 1.980. DEFAULT
MOTION FOR DEFAULT
Plaintiff moves for entry of a default by the clerk against defendant.for failure to serve any paper on the undersigned or file any paper as required by law.
Attorney for Plaintiff
DEFAULT
A default is entered in this action against the defendant named in the foregoing motion for failure to serve or file any paper as required by law.
Dated on.,19.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.982. CONTEMPT NOTICE
MOTION AND NOTICE OF HEARING
TO: (name of attorney for party, or party if not represented)
YOU ARE NOTIFIED that plaintiff will apply to the Honorable ., Circuit Judge, on ., 19.(date)...., at ... .m., in the .County Courthouse at., *1150 Florida, for an order adjudging (defendant’s name) in contempt of court for violation of the terms of the order or judgment entered by this court on ., 19....... .(date)...by failing to .. and I certify that a copy hereof has been furnished to . by mail on ., 19.(date).
NOTE: The particular violation must be inserted in the motion and notice. A separate motion is unnecessary.
FORM 1.986. VERDICTS
(a) For Plaintiff: Damages.
VERDICT
WE, the jury, find for plaintiff and assess his/her damages at $.
DATED on., 19..
as Foreperson
(b) For Defendant: General Form.
VERDICT
WE, the jury, find for defendant.
DATED on., 19. .-.■■■■.
as Foreperson
FORM 1.988. JUDGMENT AFTER DEFAULT
(a) General Form. This form is the general form for a judgment after default, not including recovery for prejudgment interest and attorneys’ fees:
FINAL JUDGMENT
This action was heard after entry o'f default against defendant and
IT IS ADJUDGED that plaintiff, .(name and address)...., recover from defendant, .. ■■■■■ (name and address, and social security number, if known)...., the sum of $. with costs in the sum of $., that shall bear interest at the rate of .... % a year, for which let execution issue.
ORDERED at ., Florida, on ..... 19. . .(date).
Judge
(b) Form with Interest and Fees. This form is for judgment after default including prejudgment interest and attorneys’ fees recovered:
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff, ...... ... (name and address)...., recover from defendant, .(name and address, and social security number if known)...., the sum of $. on principal, $. for attorneys’ fees with costs in the sum of $., making a subtotal of $.that shall bear interest at the rate of .... % a year and in addition the plaintiff shall recover prejudgment interest of $., for which let execution issue. ORDERED at ., Florida, on ., 19....... .(date).
Judge
NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.
*1151 Committee Notes
1980 Adoption. This form is new.
FORM 1.989. JUDGMENT DISMISSING FOR LACK OF PROSECUTION
(a) Judgment When Motion Filed by a Party.
FINAL JUDGMENT OF DISMISSAL
This action was heard on the motion to dismiss for lack of prosecution of defendant, . The court finds that it does not affirmatively appear from filing of pleadings, order of court, or otherwise for a period of 1 year before serving the motion that the action is being prosecuted, so
IT IS ADJUDGED that this action is dismissed for lack of prosecution, that plaintiff,., takes nothing by this action and that defendant, ., shall go hence without day.
ORDERED at., Florida, on .,19.(date). Judge
(b) Judgment on Court’s Motion.
MOTION, NOTICE, AND JUDGMENT OF DISMISSAL
The court finds that it does not affirmatively appear from filing of pleadings, order of court, or otherwise for a period of 1 year that this action is being prosecuted, so
IT IS ADJUDGED as follows:
1. Good cause shall be shown why the action should not be dismissed for lack of prosecution at least 5 days before the hearing set in paragraph 8.
2. The showing of good cause shall be in writing and filed in the action.
3. If a showing of good cause is filed as provided in paragraph 2, a hearing on the question shall be held on .■. n 19. .-■■■■.. .(date)...., at .m., before the Honorable ., in his/ her chambers at the . County Courthouse in., Florida.
4.If no showing of good cause is filed within the time specified in paragraph 1, this action shall stand dismissed for lack of prosecution without further order of court on the date specified in paragraph 3 and plaintiff,., shall take nothing by this action and defendant, ., shall go hence without day.
ORDERED at ., Florida, on .,19.(date). Judge
NOTE: This form accommodates those courts that dismiss on their own motion. It is optional and the court may follow the procedure of sending a motion and notice of hearing that is not self-executing.
FORM 1.990. FINAL JUDGMENT FOR PLAINTIFF. JURY ACTION FOR DAMAGES
FINAL JUDGMENT
Pursuant to the verdict rendered in this action
IT IS ADJUDGED that plaintiff, .. .(name and address) ... recover from defendant, r~T- — r~... .(name and address, and social security number if known)., the sum of $.with costs in the sum of $., making a total of $., that shall bear interest at the rate of .... % a year, for which let execution issue.
ORDERED at ., Florida, on .. . 19.(date). Judge
NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the .judgment to become a lien on real estate when a certified copy of the .judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida *1152 Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.
FORM 1.991. FINAL JUDGMENT FOR DEFENDANT. JURY ACTION FOR DAMAGES
FINAL JUDGMENT
Pursuant to the verdict rendered in this action
IT IS ADJUDGED that plaintiff, .. .(name and address, and social security number if known)...., take nothing by this action and that defendant, .(name and address)...., shall go hence without day and recover costs from plaintiff in the sum of $. that shall bear interest at the rate of .... % a year, for which let execution issue.
ORDERED at ., Florida, on .,19.(date). Judge
NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.
FORM 1.993. FINAL JUDGMENT FOR PLAINTIFF. GENERAL FORM. NON-JURY
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED that:
1. (list adjudications in numbered paragraphs)
2.
(See note below on name, address, and social security number requirements.)
ORDERED at ., Florida, on .,19.(date). Judge
NOTE: Findings of fact can be inserted after “presented” if desired. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida statutes.
FORM 1.994. FINAL JUDGMENT FOR DEFENDANT. GENERAL FORM. NON-JURY
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED that plaintiff, .(name and address, and social security number if known)...., take nothing by this action and that defendant, .,.... (name and address)...., shall go hence without day and recover costs from plaintiff in the sum of $. that shall bear interest at the rate of .... % a year, for which let execution issue.
*1153 ORDERED at ., Florida, on ., 19... .. .(date). Judge
NOTE: Findings of fact can be inserted after “presented” if desired. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit 'with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida statutes.
FORM 1.995. FINAL JUDGMENT OF REPLEVIN
NOTE APPLICABLE TO FORMS (a)-(d): The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.
(a) Judgment in Favor of Plaintiff when Plaintiff Has Possession.
FINAL JUDGMENT OF REPLEVIN This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff, .... (name and address) ...., has the right against defendant, .... (name and address, and social security if known)...., to retain possession of the following described property:
4( list the property and include a value for each itemj)
2. Plaintiff shall recover from defendant the sum of $. as damages for the detention of the property and the sum of $. as costs, making a total of $., which shall bear interest at the rate of .... % per year, for which let execution issue.
ORDERED at ..., Florida, on .(date).... Judge
NOTE: This form applies when the plaintiff has recovered possession under a writ of replevin and prevailed on the merits. Pursuant to section 78.18, Florida Statutes (1995), paragraph 2 of the form provides that the plaintiff can also recover damages for the wrongful taking and detention of the property, together with costs. Generally these damages are awarded in the form of interest unless loss of use can be proven. Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51 (1905).
If the defendant has possession of part of the property, see form 1.995(b).
(b) Judgment in Favor of Plaintiff when Defendant Has Possession.
FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff, .... (name and address). ...., has the right against defendant .... (name and address, and social security number if known)...., to possession of the following described property:
*1154 -[(list the property and include a value for each item})
for which the clerk of the court shall issue a writ of possession; or
2. Plaintiff shall recover from defendant [if applicable add “and surety on the forthcoming bond”] the sum of $.for the value of the property, which shall bear interest at the rate of .... % per year, for which let execution issue.
3. Plaintiff shall recover from defendant the sum of $. as damages for the detention of the property and the sum of $. as costs, making a total of $., which shall bear interest at the rate of .... % per year, for which let execution issue.
ORDERED at ., Florida, on .... (date)....
Judge
NOTE: This form applies when the plaintiff prevails on the merits and the defendant retains possession of the property. Section 78.19, Florida Statutes (1995), allows the plaintiff to recover the property or its value or the value of the plaintiffs lien or special interest. The value for purposes of paragraph 2 is either the value of the property or the value of the plaintiffs lien or special interest.
Paragraph 3 of the form provides for damages for detention only against the defendant because the defendant’s surety obligates itself only to ensure forthcoming of the property, not damages for its detention.
Pursuant to section 78.19(2), Florida Statutes, paragraphs 1 and 2 of the form provide the plaintiff the option of obtaining either a writ of possession or execution against the defendant and defendant’s surety on a money judgment for property not recovered. Demetree v. Stramondo, 621 So.2d 740 (Fla. 5th DCA 1993). If the plaintiff elects the writ of possession for the property and the sheriff is unable to find it or part of it, the plaintiff may immediately have execution against the defendant for the whole amount recovered or the amount less the value of the property found by the sheriff. If the plaintiff elects execution for the whole amount, the officer shall release all property taken under the writ.
If the plaintiff has possession of part of the property, see form 1.995(a).
(c) Judgment in Favor of Defendant when Defendant Has Possession under Forthcoming Bond.
FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Defendant, .... (name and address). .,has the right against plaintiff, .... (name and address, and social security number if known)., to possession of the following described property:
-[(list the property and include a value for each item})
2. Defendant retook possession of all or part of the property under a forthcoming bond, and defendant’s attorney has reasonably expended.hours in representing defendant in this action and $.is a reasonable hourly rate for the services.
3. Defendant shall recover from plaintiff the sum of $. for the wrongful taking of the property, costs in the sum of $., and attorneys^ fees in the sum of $., making a total of $., which shall bear interest at the rate of .... % per year, for which let execution issue.
ORDERED at ., Florida, on .... (date)....
Judge
NOTE: This form applies when the defendant prevails and the property was retained by or redelivered to the defendant. Section 78.20, Florida Statutes (1995), provides for an award of attorneys^ fees. The *1155 prevailing defendant may be awarded possession, damages, if any, for the taking of the property, costs, and attorneys^ fees.
If the plaintiff has possession of part of the property, see form 1.995(d).
(d) Judgment in Favor of Defendant when Plaintiff Has Possession.
FINAL JUDGMENT OF REPLEVIN
This matter was heard on plaintiffs complaint. On the evidence presented
IT IS ADJUDGED that:
1. Defendant, .... (name and address) ...., has the right against plaintiff, .... (name and address, and social security number if known)...., to recover possession of the following described property:
4( list the property and include a value for each item])
for which the clerk of the court shall issue a writ of possession; or
2. Defendant shall recover from plaintiff [if applicable add “and surety on plaintiffs bond”] the sum of $. for the value of the property, which shall bear interest at the rate of .... % per year, for which let execution issue.
3. Defendant shall recover from plaintiff the sum of $. as damages for detention of the property and the sum of $. as costs, making a total of $., which shall bear interest at the rate of .... % per year, for which let execution issue.
ORDERED at ., Florida, on _(date)_
Judge
NOTE: This form should be used when the defendant prevails but the plaintiff has possession of the property. Section 78.21, Florida Statutes (1995), does not provide for an award of attorneys^ fees when the defendant prevails and possession had been temporarily retaken by the plaintiff. Sections 78.21 and 78.19 allow the defendant to recover the property or its value or the value of the defendant’s special interest.
Paragraphs 1 and 2 of the form provide to the defendant the option of obtaining either a writ of possession or execution against the plaintiff and plaintiffs surety on a money judgment for property not recovered and costs. Demetree v. Stm-mondo, 621 So.2d 740 (Fla. 5th DCA 1993). If the defendant elects the writ of possession for the property and the sheriff is unable to find it or part of it, the defendant may immediately have execution against the plaintiff and surety for the whole amount recovered or the amount less the value of the property found by the sheriff. If the defendant elects execution for the whole amount, the officer shall release all property taken under the writ.
If the defendant has possession of part of the property, see form 1.995(c).
FORM 1.996. FINAL JUDGMENT OF FORECLOSURE
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED THATthat:
1. Plaintiff, .(name and address)...., is due.as principal, $. as interest to date of this judgment, $. for title search expense, $. for taxes, $. for insurance premiums, $. for attorneys’ fees, with $. for court costs now taxed, less $.for undisbursed escrow funds and less $. for unearned insurance premiums, under the note and mortgage sued on in this action, making a total sum of $., that shall bear interest at the rate of .... % a year.
2. Plaintiff holds a lien for the total sum superior to any claim or estate of defendant, . (name and address, and social security number if known)...., on the following described property in.County, Florida:
*1156 (describe property)
3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on .... ■.■■■■■■;-.,■ 19■■■■■■■ — ... .(date)...between 11:00 a.m. and 2:00 p.m. to the highest bidder for cash, except as prescribed in paragraph 4, at the .... door of the courthouse in . County in ., Florida, in accordance with section 45.031, Florida Statutes.
4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the clerk shall credit plaintiffs bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.
5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiffs costs; second, documentary stamps affixed to the certificate; third, plaintiffs attorneys’ fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.
6. On filing the certificate of title defendant and all persons claiming under or against defendant since
7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, writs of possession and deficiency judgment.
ORDERED at ., Florida, on ... .. .(date).
Judge
NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors’ claims nor for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgnent is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc, v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.
Committee Notes
1980 Amendment. The reference to writs of assistance in paragraph 7 is changed to writs of possession to comply with the consolidation of the 2 writs.

. The remainder of the amendments reflected in the appendix, but not discussed, are technical in nature.